## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and | ) | |
| LABORERS' WELFARE FUND OF THE | ) | |
| HEALTH AND WELFARE DEPARTMENT | ) | |
| OF THE CONSTRUCTION AND GENERAL | ) | |
| LABORERS' DISTRICT COUNCIL OF | ) | |
| CHICAGO AND VICINITY, and JAMES S. | ) | |
| JORGENSEN, Administrator of the Funds, | ) | FILED: MAY 2, 2008 |
| Plaintiffs, | ) | Case No. 08CV2516        TG |
| v. | ) | JUDGE GOTTSCHALL |
| | ) | MAGISTRATE JUDGE VALDEZ |
| JDR SEWER AND WATER CONSTRUCTION, | ) | |
| LLC, an involuntarily dissolved Illinois limited | ) | |
| liability company - member managed, and | ) | |
| DOMINIC M. GIANNINI, JR., individually, | ) | |
| and ANNITA L. CAPUTO, individually, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and

Welfare Department of the Construction and General Laborers' District Council of

Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter

"Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod

Olszewski, Christina Krivanek, Amy N. Carollo, and Charles Ingrassia, for their

Complaint against Defendants JDR Sewer and Water Construction, LLC, an involuntarily

dissolved Illinois limited liability company – member managed, and Dominic M.

Giannini Jr., individually, and Annita L. Caputo, individually, state:

1

**COUNT I**

**(Failure To Submit Employee Benefit Contributions as Revealed by Audit)**

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331, federal common law; and the court's supplemental jurisdiction.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect

2

to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section

3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant JDR Sewer and Water Construction, LLC, ("Company"), is an

involuntarily dissolved Illinois member-managed limited liability company, does and did

business within this District, and was at all times relevant herein an employer within the

meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the

LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C.

§185(a). The Union and the Company have been parties to successive collective

bargaining agreements, the latest of which became effective June 1, 2006.

("Agreement").  (A copy of the "short form" Agreement entered into between the Union

and the Company which Agreement adopts and incorporates Master Agreements between

the Union and various employer associations, and also binds the Company to the Funds'

respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

7.      The Funds have been duly authorized by the construction and General

Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"),

the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland

Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation

and Education Trust ("LECET"), the Concrete Contractors Association of Greater

Chicago ("CCA"), the Chicago Area Independent Construction Association ("CAICA"),

CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"),

the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District

Council Labor Management Committee Cooperative ("LDLMCC") to act as an agent in the collection of contributions due to those funds.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, as shown in a true and accurate copy of the audit and audit summary sheet attached hereto as Exhibits B and B-1, the Company has:

(a)     failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $2,873.60, thereby depriving the Laborers' Pension Fund of contributions, income and

information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of August 1, 2004 through August 31, 2007 in the amount of $4,590.40, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and contributions to Laborers' Training Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $108.80, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d)     failed to submit reports and contributions to the LDCLMCC Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $38.40, thereby depriving them of income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e)     failed to submit reports and contributions to the MIAF Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $11.20, thereby depriving them of income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries

(f)     failed to submit reports and contributions to the CAICA Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $25.60, thereby

depriving them of income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(g)    failed to submit reports and contributions to the LECET Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $16.00, thereby depriving them of income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(h)    failed to submit reports and contributions to the CISCO Fund for the audit period of August 1, 2004 through August 31, 2007 in the amount of $1.60, thereby depriving them of income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries

12.    Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company owes $459.04 in liquidated damages to the Welfare Fund, $287.36 in liquidated damages to the Pension Fund, $10.80 in liquidated damages to the Training Fund, $3.84 in liquidated damages to the LDCLMCC Fund, $1.12 in liquidated damages to the MIAF Fund, $2.56 in liquidated damages to the CAICA Fund, $1.60 in liquidated damages to the LECET Fund, and $.06 in liquidated damages to the CISCO Fund plus interest, for the audit period of August 1, 2004 through August 31, 2007.  See Exhibit B-1 attached hereto.

13.    Pursuant to the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit revealing delinquencies to the Funds.  Accordingly, the Company is liable for audit costs in the amount of $841.25, for the audit covering the period of August 1, 2004 through August 31, 2007.

14.    The Company failed to obtain and maintain a surety bond.

15.    The Company's actions in failing to submit payment upon an audit to which it submitted its books and records, and to obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145.

16.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant JDR Sewer and Water Construction, LLC:

a.    entering judgment in sum certain against the Defendant on the amounts due and owing pursuant to the audit including contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs;

b.    ordering Defendant to obtain and maintain a surety bond; and

c.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

### COUNT II

### (Failure To Pay Union Dues as Revealed by Audit)

17.    Plaintiffs reallege paragraphs 1 through 11 of Count I.

18.    Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit $209.63 in union dues that were deducted or should have been

deducted from the wages of its employees for the audit period of August 1, 2004 through August 31, 2007 thereby depriving the Union of information.

19.    Pursuant to the Agreement, the Company is liable to the Funds for the unpaid union dues, as well as $20.66 in liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant JDR Sewer and Water Construction, LLC, ordering Defendant to submit payment of union dues owed on the audit together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Default on Installment Note)

20.    Plaintiffs reallege paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.    The Company entered into an Installment Note ("Note") with the Funds on or about August 26, 2004 to submit payment of contributions owed to the Funds for the audit period of January 1, 1997 through June 30, 2007.  A true and accurate copy of the Note is attached hereto as Exhibit C.

22.    Defendants Dominic M. Giannini, Jr., and Annita L. Caputo (hereinafter collectively referred to as "Guarantors") signed a Guaranty of Payment and Indemnification ("Guaranty") on or about August 26, 2004, both individually guaranteeing payment of the amounts due under the Note to the Funds.  A true and

accurate copy of the Guaranty is attached hereto as Exhibit D.

23.     Paragraph 5 of the Note provides that

> Payments made pursuant to this Installment Note shall be considered
> "contributions" as defined under the terms of the CBA and the Fund's
> respective Agreements and Declarations of Trust.  If the contributions are
> not paid by the 10th day following the date on which the payment should
> have been received, the contribution shall be considered delinquent and all
> charges which apply to the late payment of contributions under the terms
> of the CBA and the Fund's respective agreements and Declarations of
> Trust shall apply, including, but not limited to, the assessment of interest
> and liquidated damages.  Further, in the event the Company fails to timely
> make any payments described in this Note.  All amounts described in
> Paragraph 1 herein shall immediately become due on the 10th day
> following the date on which payment should have been received by the
> Fund's under the terms of this Note.  In such event the Company further
> agrees to pay all attorney fees and costs incurred by the Funds in any
> action to enforce any part or all of this note.

24.     Paragraph 6 of the Note provides that

> This Installment Note is conditioned on the Company's staying current
> on its obligations to the Funds under the terms of the collective bargaining
> agreement and the Funds' respective Agreements and Declarations of
> Trust.  In the event that the Company fails to maintain its obligations
> under the terms of the collective bargaining agreement and the Funds'
> respective Agreements and Declarations of Trust, including, but no[t]
> limited to, its obligations to submit timely contribution reports and to
> make timely contribution payments by the tenth day following the month
> in which laborers' work was performed, then the Funds shall have the
> right to accelerate and collect all amounts due under this Installment Note,
> plus payment of all attorneys' fees and costs incurred by the Funds in any
> action to accelerate this Installment Note.

25.     Paragraph 1 of the Guaranty provides that

> Guaranty of Payment and Indemnification. The undersigned guarantees,
> absolutely and unconditionally; (a) the payment when due of the entire
> principal indebtedness and all interest evidenced by the Note during the
> forty-eight (48) month payment period including interest and liquidated
> damages for late or unpaid payments due on the note; and (b) the full and
> complete payment of any an all fees and costs incurred pursuant to default
> under terms of the Note, whether litigation is involved or not, and if
> involved, whether at the trial or appellate levels or in pre- or post-

judgement [sic] bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantors . . . ..

26.    Paragraph 10 of the Guaranty provides that

Expenses. The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note.

27.    Pursuant to the Note, the Company paid the required 20% downpayment and 38 of the required 48 monthly payments. The Company failed to make its November 1, 2007 forward monthly payments and is therefore in default on the Note. A true and accurate copy of the Note Payment Plan Worksheet is attached hereto as Exhibit E.

28.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, the terms of the Note and the Guaranty, the Company and Guarantors are liable to the Funds for the full balance of the Note, including liquidated damages on the unpaid Note payments, and attorneys' fees and costs incurred by the Funds in enforcing the Note and Guaranty.

29.    The Company and Guarantors' actions in defaulting on the Note by failing to submit its November, 2007 forward Note payments violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Note and Guaranty.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants JDR Sewer and Water Construction, LLC, and Dominic M. Giannini, Jr., and Annita L. Caputo, joint and severally:

a.    entering judgment in sum certain against Company and the Guarantors on

the amounts due and owing on the defaulted Note, plus interest and liquidated damages,

and the attorneys' fees and costs incurred by the Funds in enforcing the terms of the Note

and Guaranty; and

      b.    awarding Plaintiffs any further legal and equitable relief as the Court

deems appropriate.

May 1, 2008                      Laborers' Pension Fund, et al.


                    By: /s/ Jerrod Olszewski
                        Jerrod Olszewski


Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540

# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

101 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60521 • PHONE: 630/655-8289 • FAX: 630/655-8853

### INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **J. O. R. Sewer & Water Const. LLC** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer, in response to the Union's request for recognition as the majority 9(a) representative of its Laborer employees, and the Union's offer to show evidence of its majority support, hereby recognizes the Union under Section 9(a) of the Act as the sole and exclusive collective bargaining representative for all employees now and hereinafter employed in its Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment without the need for a Board certified election. The Employer has not assigned its rights for purposes of collective bargaining within the Union to, and authorizes the association, and hereby renders its valid assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. The Employer shall abide by this Agreement, and extensions hereof, provided that it employs at least one Laborer per year.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, G.L.C.J.U/C.A.W.C.C., the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Area Rail Contractors Association, the Chicago Scaffolding Association, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement. If the applicable collective bargaining agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a new agreement has been established, which shall be incorporated retroactively herein. It is further agreed that where the Employer works within the geographic jurisdiction of the Union's affiliated Local Unions that have negotiated an association agreement effective within the Local Union's jurisdiction, then the Local Union agreement is herein specifically incorporated into this Agreement and shall supersede the area-wide standard association agreements within the locality for which it is negotiated in the case of any conflict between them. Notwithstanding the foregoing, this Agreement supersedes all contrary terms in either the Local Union or area-wide association agreements.

3. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform working dues in the amount of 1.5% of gross wages, or such other amount as directed by the Union, and shall remit to the designated Union office the sums so deducted. The Employer will furnish an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. It is the parties' intention that these deductions comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which shall not be irrevocable for a period of more than one year or beyond the termination date of the labor agreement, whichever occurs sooner.

4. **Work Jurisdiction.** This Agreement covers all work within the Union's Statement of Jurisdiction, receipt of which is hereby acknowledged, and as amended by the Union from time to time. The Statement of Jurisdiction is incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of this assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work and coming within the above-described jurisdiction of the Union to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. When the Employer contracts out or sublets any of the work coming within the above-described jurisdiction of the Union, it shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

5. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their successor Trustees, carry out the terms and conditions of the Trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the Employer at all proper rates, and evidences the Employer's intent to be bound by the Trust Agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. Upon written notice to the Employer, the Union may increase this maximum surety bond to an amount not exceeding one hundred thousand dollars where necessary to ensure Employer compliance with its obligations.

Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds in the amounts set forth in the local agreement. Otherwise, it shall remit all fringe benefit fund contributions in the amounts and to the funds as required under this Agreement.

6. **Wages and Industry Funds.** The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions it is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago-Area LECET and designated labor-management and industry advancement funds, except that no contributions shall be made to MCAF unless consented to and upon written direction from the Union. All additional wage rates, dues checkoff, and fringe benefits that are negotiated to become effective after May 31, 2001 shall be incorporated into this Agreement. The Union expressly reserves its sole right to allocate and apportion each annual total economic increase.

7. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment or underpayment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, subcontracting in violation hereof, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedure. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

8. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph. The Union may strike to enforce the terms hereof.

9. **Termination.** This Agreement shall remain in full force and effect from June 1, 2001 (dates dated differently below) through May 31, 2006, and continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given as provided above.

10. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: **July 17,** 20 **03**

ACCEPTED:

Laborers' Local Union No. **152**

**J. O. R. Sewer & Water Const. LLC**
(Employer)

FED No. **77-0603396**

By: _____
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

**Lorenzo Filipelli   Asst. Manager**
(Print Name and Title)

By: Frank Riley, President & Secretary-Treas.

_____
(Signature)

By: _____
James P. Connolly, Business Manager

**725 Washington Ct.**
(Address)

**UCA V**

**Roselle IL 60172**
(City, State and Zip Code)

For Office Use Only:

**630-606-2720 — 630-924-7646**
(Telephone/Telefax)

WHITE - LOCAL UNION   •   CANARY - TRUST FUND   •   PINK - DISTRICT COUNCIL   •   GOLD - EMPLOYER

EXHIBIT
**A**

JDR SEWER & WATER CONSTRUCTION LLC
CASE # CHLAB-0807-1465
ACCOUNT # 33951
AUGUST 1, 2004 THROUGH AUGUST 31, 2007



# Levinson Simon & Sprung, P.C.
## Certified Public Accountants

566 W. Lake St.
Suite 3 West
Chicago, IL 60661-1414
(312) 655-0037
Fax (312) 655-9145

October 11, 2007

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
Jean Mashos, Director
11465 Cermak Road
Westchester, Illinois 60154

Re:    JDR Sewer & Water Construction LLC
        Case # CHLAB-0807-1465(1466)
        Acct # 33951

Gentlemen:

In accordance with your instructions we have performed certain agreed upon procedures to the payroll records presented for our inspection by the above mentioned employer. The purpose of the inspection was to determine the accuracy of the employer's monthly contributions to the Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period August 1, 2004 through August 31, 2007. This agreed upon procedure engagement was performed in accordance with the standards established by the American Institute of Certified Public Accountants. The sufficiency of these procedures is solely the responsibility of the Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity.

Attached hereto are yearly schedules showing the detail of the under-reported hours and computation of the amounts due to the Funds. The findings consist of unreported and under-reported wages and hours of individuals on payroll doing covered work that have been previously reported to the Funds. Separate schedules and summaries have been prepared for each contract and according to the funds due.

Our examinations indicated that the employer owes the following amounts for the period audited, exclusive of interest.

|  |  | Amount Due |
|---|---|---|
| Welfare |  | $ 4,590.40 |
| Pension |  | 2,873.60 |
| Training |  | 108.80 |
| MIAF |  | 11.20 |
| CISCO |  | 1.60 |
| CAICA |  | 25.60 |
| LDCLMCC |  | 38.40 |
| LECET |  | 16.00 |
| Dues |  | 206.63 |
|  | Total | $ 7,872.23 |

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
October 11, 2007
Page Two
Case # CHLAB-0807-1465(1466)


We were not engaged to, and did not, perform an examination, the objective of which would be
the expression of an opinion on the accompanying report.  Accordingly, we do not express such
an opinion.  Had we performed additional procedures, other matters might have come to our
attention that would have been reported to you.

We shall be pleased to furnish any additional information desired and have attached our bill for
services.

Very truly yours,



LEVINSON SIMON & SPRUNG P.C.
Howard B. Levinson, CPA, MBA

HBL/lab

Enclosures

cc:    Denise Ayala

Levinson Simon & Sprung, P.C.
Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLaB-0807-1485
Audit Period: 8/1/2004 thru 8/31/2007
Fiscal Year End: May

ALL FUNDS EXCEPT LDCLMCC, LECET AND DUES (MARBA)

| Fiscal Year Ending | | MAY 2005 | Total |
|---|---|---|---|
| Hours Not Reported | | 160.00 | 160.00 |
| **Dollar Amount Due** | | | |
| | Welfare Fund | 1,009.60 | 1,009.60 |
| | Pension Fund | 550.40 | 550.40 |
| | Training Fund | 27.20 | 27.20 |
| | MIAF | 11.20 | 11.20 |
| | CISCO | 1.60 | 1.60 |
| Total | | 1,600.00 | 1,600.00 |

| | |
|---|---|
| Dues Shortages | 3.00 |
| Audit Fee | 841.25 |
| **Total Amount Due** | **2,444.25** |

Manager: Belar, Leia
Auditor: Vargas, Benjamin

Page 1

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 10/11/2007

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1455
Contract: MARBA

Year Ended: May, 2005

Contributions computed by Amount per Hour

| SSN | Name | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Corona, Jesus | | | | | | 80.00 | | | | | | | 80.00 |
| 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 | Leyva, Amado | | | | | | 80.00 | | | | | | | 80.00 |
| | Total Hours | | | | | | 160.00 | | | | | | | 160.00 |

Rate Table

| | Rate | | | | | | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $6.3100 | | | | | | 1,009.60 | | | | | | | 1,009.60 |
| Pension Fund | $3.4400 | | | | | | 550.40 | | | | | | | 550.40 |
| Training Fund | $0.1700 | | | | | | 27.20 | | | | | | | 27.20 |
| WDBF | $0.0700 | | | | | | 11.20 | | | | | | | 11.20 |
| CISCO | $0.0100 | | | | | | 1.60 | | | | | | | 1.60 |
| Total | $0.0100 | | | | | | 1,600.00 | | | | | | | 1,600.00 |

Levinson Simon & Sprung, P.C.
Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1466
Audit Period: 8/1/2004 thru 8/31/2007
Fiscal Year End: May

ALL FUNDS - CAICA

Manager: Bekar, Lela
Auditor: Vargas, Benjamin

| Fiscal Year Ending | MAY 2007 | Total |
|---|---|---|
| Dollars Not Reported | | |
| Hours Not Reported | | |
| **Dollar Amount Due** | | |
| Welfare Fund | 1,790.40 | 1,790.40 |
| Pension Fund | 1,161.60 | 1,161.60 |
| Training Fund | 40.80 | 40.80 |
| CAICA | 19.20 | 19.20 |
| LDCLMCC | 28.80 | 28.80 |
| LECET | 12.00 | 12.00 |
| Dues | 133.70 | 133.70 |
| **Total** | 3,186.50 | 3,186.50 |

Total Amount Due     3,186.50

Page 3

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 10/11/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: Chlab-0807-1466
Year Ended: May, 2007
Contract: CAICA

Contributions computed by Amount per Hour

Others/Unknown

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Corona, Jesus | | | | | | | | | | 80.00 | | | 80.00 |
| 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 | Leyva, A | | | | | | | | | | 80.00 | | | 80.00 |
| 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 | Ramirez, A | | | | | | | | | | 80.00 | | | 80.00 |
| | Total Hours | | | | | | | | | | 240.00 | | | 240.00 |

**Rate Table**

| | Rate | | | | | | | | | | MAR 2007 | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $7.4600 | | | | | | | | | | 1,790.40 | | | 1,790.40 |
| Pension Fund | $4.8400 | | | | | | | | | | 1,161.60 | | | 1,161.60 |
| Training Fund | $0.1700 | | | | | | | | | | 40.80 | | | 40.80 |
| CAICA | $0.0800 | | | | | | | | | | 19.20 | | | 19.20 |
| LDCLMCC | $0.1200 | | | | | | | | | | 28.80 | | | 28.80 |
| LECET | $0.0650 | | | | | | | | | | 12.00 | | | 12.00 |
| Total | | | | | | | | | | | 3,082.80 | | | 3,082.80 |

08CV2516        TG
JUDGE GOTTSCHALL
MAGISTRATE JUDGE VALDEZ

**Levinson Simon & Sprung, P.C.**
Detail Report
Report Date: 10/11/2007

Page 5

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1466
Contract: CAICA
Year Ended: May, 2007

Contributions computed as Percentage of Dollars Paid

Others/Unknown

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 92?-71-5234 | Corona, Jesus | | | | | | | | | | 2,512.00 | | | 2,512.00 |
| 67?-14-2949 | Leyva, A | | | | | | | | | | 2,512.00 | | | 2,512.00 |
| 52?-61-8101 | Ramirez, A | | | | | | | | | | 2,616.00 | | | 2,616.00 |
| | Total Dollars Paid | | | | | | | | | | 7,640.00 | | | 7,640.00 |
| Dues | 1.7500% | | | | | | | | | | 133.70 | | | 133.70 |
| Total | | | | | | | | | | | 133.70 | | | 133.70 |

Levinson Simon & Sprung, P.C.
Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1466
Audit Period: 8/1/2004 thru 8/31/2007
Fiscal Year End: May

**ALL FUNDS EXCEPT DUES, LDCLMCC, LECET AND CAICA (CAICA)**

Manager: Belair, Leia
Auditor: Vargas, Benjamin

| Fiscal Year Ending | MAY 2007 | Total |
|---|---|---|
| Hours Not Reported | 240.00 | 240.00 |
| **Dollar Amount Due** | | |
| Welfare Fund | 1,790.40 | 1,790.40 |
| Pension Fund | 1,161.60 | 1,161.60 |
| Training Fund | 40.80 | 40.80 |
| Total | 2,992.80 | 2,992.80 |

Total Amount Due   2,992.80

**Levinson Simon & Sprung, P.C.**
Detail Report
Report Date: 10/11/2007

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1466          Year Ended: May, 2007
Contract: CAICA

Contributions computed by Amount per Hour

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Corona, Jesus | | | | | | | | | | | | 80.00 | 80.00 |
| 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 | Leyva, Amado | | | | | | | | | | | | 80.00 | 80.00 |
| 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 | Ramirez, Arturo | | | | | | | | | | | | 80.00 | 80.00 |
| | Total Hours | | | | | | | | | | | | 240.00 | 240.00 |

**Rate Table**

| | | Total |
|---|---|---|
| Welfare Fund | $7.4600 | 1,790.40 | 1,790.40 |
| Pension Fund | $4.8400 | 1,161.60 | 1,161.60 |
| Training Fund | $0.1700 | 40.80 | 40.80 |
| **Total** | | 2,992.80 | 2,992.80 |

Fax from : 17089477295   LABORS FIELD DEPT   03-12-08 08:56a   Pg 19

Levinson Simon & Sprung, P.C.
Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1466
Audit Period: 8/1/2004 thru 8/31/2007
Fiscal Year End: May

DUES, LDCLMCC, LECET AND CAICA ONLY (CAICA)

Manager: Belar, Leia
Auditor: Vargas, Benjamin

| Fiscal Year Ending | | MAY 2008 | Total |
|---|---|---|---|
| Dollars Not Reported | | 2,652.00 | 2,652.00 |
| Hours Not Reported | | 80.00 | 80.00 |
| Dollar Amount Due | | | |
| CAICA | | 6.40 | 6.40 |
| LDCLMCC | | 9.60 | 9.60 |
| LECET | | 4.00 | 4.00 |
| Dues | | 72.93 | 72.93 |
| Total | | 92.93 | 92.93 |

Total Amount Due   92.93

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 10/11/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1466
Contract: CAICA

Year Ended: May, 2008

Subcontractors

Contributions computed by Amount per Hour

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 327-571-5234 | Corona, J | | 40.00 | | | | | | | | | | | 40.00 |
| 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 | Leyva, A | | 40.00 | | | | | | | | | | | 40.00 |
| | Total Hours | | 80.00 | | | | | | | | | | | 80.00 |

**Rate Table**

| CAICA | | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | $0.0600 | | 6.40 | | | | | | | | | | | 6.40 |
| LDCI/LMCC | $0.1200 | | 9.60 | | | | | | | | | | | 9.60 |
| LECET | $0.0500 | | 4.00 | | | | | | | | | | | 4.00 |
| Total | | | 20.00 | | | | | | | | | | | 20.00 |

Case 1:08-cv-02516    Document 1-2    Filed 05/02/2008    Page 5 of 6

**Page 10**

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 10/11/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
JDR SEWER & WATER CONSTRUCTION LLC
Case #: ChLab-0807-1465
Contract: CAICA
Year Ended: May, 2008

Subcontractors

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Corona, J | | 1,326.00 | | | | | | | | | | | 1,326.00 |
| 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 | Leyva, A | | 1,326.00 | | | | | | | | | | | 1,326.00 |
| | Total Dollars Paid | | 2,652.00 | | | | | | | | | | | 2,652.00 |

| | | | Due | | | | | | | | | | | Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.7500% | Total | | 72.93 | | | | | | | | | | | 72.93 |
| | | | 72.93 | | | | | | | | | | | 72.93 |

### Levinson Simon & Sprung P.C.
### Payroll Audit Information Sheet

Page 1

| | | | |
|---|---|---|---|
| EMPLOYER'S NAME | JDB sewer & water | EMPLOYER # | O33951 |
| ADDRESS | 672 E. Irving Pk Rd Roselle IL | PHONE # | 630-606-2720 |
| CITY STATE ZIP | Roselle IL 60172   suite 109 | FAX # | |
| EMAIL ADDRESS | | FEIN | 770603396 |
| DATE OF CONTRACT | | AUDIT PERIOD | 8-1-04  to  8-31-07 |
| CONTACT'S NAME | | TITLE | member |
| PERSON FUND IS TO CONTACT | Dominic Giannini | TITLE | |
| ENTITY TYPE | Dominic Giannini  LLC | # OF EMPLOYEES | 6 16 |
| | | AVE # PER MONTH | 3 |

BUSINESS ACTIVITY  Install  sewer & water  mains

| OWNERSHIP PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| Annita Caputo | LTD PTNR | 50 | |
| Dominic Giannini | Member | 50 | 785 westminster Ct Roselle IL 60172 |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER   Parkway  330085

IS EMPLOYER STILL IN BUSINESS?   ☒ YES   ☐ NO

DOES EMPLOYER HAVE INTEREST IN OTHER RELATED OPERATIONS?   ☐ YES   ☒ NO

IF YES, LIST NAMES OF SAME

| |
|---|
| |
| |

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?   ☐ YES   ☒ NO

IF YES, LIST NAMES OF SAME

| |
|---|
| |
| |

# LABORERS' PENSION & WELFARE FUNDS

11/13/2007

**AUDIT** 8-1-04-8-31-07

**EMPLOYER** J D R SEWER & WATER CONSTRUCTION LLC          **CODE** 3995L

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LOCLMCC | RATE | MIAF | RATE | CAICA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-1-04-5-31-05 | 160.00 | 1,009.60 | 6.31 | 550.40 | 3.44 | 27.20 | 0.17 | 133.70 | 28.80 | 0.12 | 11.20 | 0.07 | 19.20 | 0.08 | 12.00 | 0.05 | 1.60 | 0.01 | 1,600.00 |
| 6-1-05-5-31-07 | 240.00 | 1,790.40 | 7.46 | 1,161.60 | 4.84 | 40.80 | 0.17 | | | | | | | | | | | | 3,186.50 |
| 6-1-06-5-31-07 | 240.00 | 1,790.40 | 7.46 | 1,161.60 | 4.84 | 40.80 | 0.17 | | | | | | | | | | | | 2,992.80 |
| 6-1-07-8-31-07 | 80.00 | | 7.46 | | 4.84 | | 0.17 | 72.93 | 9.60 | 0.12 | | | 6.40 | 0.08 | 4.00 | 0.05 | | | 92.93 |
| REPORTED | | | | | | | | | | | | | | | | | | | | |
| WHEN NOT REPORTED | | | | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 720.00 | 4,590.40 | | 2,873.60 | | 108.80 | | 206.63 | 38.40 | | 11.20 | | 25.60 | | 16.00 | | 1.60 | | 7,872.23 |
| 15% PENALTIES | | | | | | 10.80 | | | | | | | | | | | | | | |
| 20% PENALTIES | | 459.04 | | 287.36 | | | | 20.66 | 3.84 | | 1.12 | | 2.56 | | 1.60 | | 0.06 | | 776.24 |
| AUDIT COSTS | | | | | | | | | | | | | | | | | | | | 841.25 |
| DUES-SHORTAGES | | 420.63 | | 420.62 | | | | | | | | | | | | | | | | |
| ACCUM. 10% PENALTIES | | | | | | | | 3.00 | | | | | | | | | | | | 3.00 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | | |
| TOTAL DUE | | 5,470.07 | | 3,581.58 | | 119.60 | | 230.29 | 42.24 | | 12.32 | | 28.16 | | 17.60 | | 1.66 | | 9,492.72 |

EXHIBIT
B-1

## INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund") and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("Health and Welfare Fund" or collectively the "Funds"), the parties of the first part, and Dominic, Jr Inc. and JDR Sewer & Water Construction LLC (the "Company"), the party of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues:

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the audit period of January 1, 1997 thru June 30, 2002.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the Construction and General Laborers' District Council of Chicago and Vicinity, for the audit period of January 1, 1997 thru June 30, 2002.

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay $160,000.00 to the Funds.

2. Simultaneously with the execution of this Note, the Company will pay $100,000.00 of the total outstanding indebtedness.

3. For forty-eight (48) consecutive months commencing on September 1, 2004 and ending on August 1, 2008, the Company will pay $1,250.00 per month to payoff the remaining $60,000.00 liability.

4. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

5. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Fund's respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Fund's respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, All amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorney fees and costs incurred by the Funds in any action to enforce any part or all of this note.

6. This Installment Note is conditioned on the Company's staying current on its obligations to the Funds under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution reports and to make timely contribution payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

7. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

8. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the 26 day of the 8 , 2004.

Dominic, Jr., Inc. and JDR Sewer & Water Construction, LLC

EXHIBIT
C

By: _Domenic Grammer Jr_

Title: _President_

**Laborers' Pension Fund**

By: _____

Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity.

By: _____

# GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of _____8 - 26 - 04_____ by the undersigned, _____, (the "Guarantors"), to and for the benefit of the **LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY** (collectively, the "Funds").

WHEREAS, **Dominic Jr., Inc. & JDR Sewer & Water Construction, LLC** (the "Company") has agreed to pay a total of **$160,000.00** to the Funds in settlement of the alleged delinquent contributions owed to the Funds and to be paid under the terms of a Settlement Agreement and Installment Note ("Note").

WHEREAS, the Funds are unwilling to enter into the Note unless the guarantors executes this Guaranty; and

WHEREAS, the Guarantors has a financial interest in the Company and will be benefited by the Note:

NOW WHEREAS, in consideration of the foregoing, the Guarantors agrees as follows:

1. <u>Guaranty of Payment and Indemnification.</u> The undersigned guarantees, absolutely and unconditionally: (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the forty-eight (48) month payment period including interest and liquidated damages for late or unpaid payments due on the note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post-judgement bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantors hereunder (the obligations of Guarantors under this Paragraph 1 are collectively hereinafter referred to as the "Obligations").

2. <u>Continuing Guaranty.</u> This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the party of the Company with respect to the Note; (b) any forbearance or extension of the time of payment of the Note; (c) the validity or invalidity of the Note; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Note; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantors may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantors.

3. <u>Waivers.</u> Guarantors waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantors shall remain liable as principal, notwithstanding any act, omision or thing which might otherwise operate as a legal or equitable discharge of Guarantors, until all of the Company's obligations shall have been fully paid and performed.

4. <u>Subrogation.</u> Notwithstanding anything to the contrary elsewhere contained herein or in the Note, the guarantors expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantors against a maker or obligor, to an accommodation party against the party accommodated, or to a holder or transferee against a maker, and which the guarantors may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Note. The Guarantors agrees that he or she shall not have or assert any such rights against the Company or its successors and assigns or any other period (including and surety), either directly or as an attempted set off to any action commenced against the Guarantors by the Company (as borrower or in any other capacity) or any other person.

1



EXHIBIT

D

5. __Independent Obligations.__ The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Note; provided, however, that nothing herein contained shall preclude the Funds form suing on the Note or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. __Acceleration.__ In the event that payments due under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. __Effect of Bankruptcy.__ This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Note in any such proceedings, or others.

8. __Termination.__ This Guaranty shall remain in full force and effect as to the Guarantors until all of the Companys' Obligations under the Note outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations form time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. __The Company's Financial Condition.__ The guarantors assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantors any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. __Expenses.__ The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note.

11. __Delay, Cumulative Remedies.__ No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantors will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantors are cumulative.

12. __Binding Effect.__ This guaranty shall incur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantors and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantors, the obligations of such deceased Guarantors shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

13. __Warranties.__ Guarantors makes to the Funds the following representations and warranties:

(a) __Authorization.__ Guarantors has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder

(b) __No Conflict.__ The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitue a default under, any indenture, agreement or any other instrument to which Guarantors is a party or by which Guarantors or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

2

(c) **Litigation.** There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantors at law of in equity or before or by governmental agency or instrumentality which involve any of the transactions herein contemplated, or the possibility of any judgement or liability which may result in any material and adverse change in the financial condition of any Guarantors. Guarantors is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

(d) **Enforceability.** This guaranty is a legal, valid and binding obligation of Guarantors, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

14. **Notices.** All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in period, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantors refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantors

c/o JOR Sewer+Water Construction, LLC
672 E. Irving Park Rd.
Suite 109
Roselle, IL 60177

In Case of the Funds:

Collection Counsel
Stanley Eisenstein
Katz, Friedman, Eagle, Eisenstein & Johnson
77 W Washington
20th Floor
Chicago IL 60602

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided. The Funds will use their best efforts to send courtesy copies of notices provided hereunder to Guarantor's attorney, Joshua O. Holle. But the failure by the Funds to send courtesy copies to Guarantor's attorney shall not limit or restrict the Funds' rights under this Guaranty in any manner nor relieve Guarantors of any obligations under this guaranty.

15. **Severability.** If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

16. **Applicable Law: Venue.** This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and inter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or she may have to transfer or change the venue or any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

17. **Time is of the Essence.** Time is of the essence of this Guaranty as to the performance of the undersigned.

18. **Death of a Guarantor.** In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Note unless, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

3

IN WITNESS WHEREOF, the undersigned Guarantors have executed this instrument as of the date and year first above written.

_Dominic Giannini Jr._
Dominic Giannini Jr.

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
Social Security Number

Date: 8-24-04

_Annita Caputo_
Annita Caputo

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
Social Security Number

Date: 8/26/04

APPROVED AS TO FORM AND SUBSTANCE
ON BEHALF OF GUARANTORS:

_____

Dated: _____

4

# PAYMENT PLAN WORKSHEET

**COMPANY** DOMINIC JR., INC.

**PHONE#** (630)806-2720    **CONTACT PERSON** DOM

**NUMBER OF PAYMENTS** 48    **FIELD REP** JF

**PAYMENT PLAN COVERS THE MONTHS OF** REVISED AUDIT: 1/1/97 - 6/30/02

**CODE** 21138

11/29/2007   3/4 mpt wk

| | |
|---|---|
| TOTAL WELFARE & PENSION | |
| LESS 20% DOWN | |
| EQUALS AMOUNT FINANCED | |
| PLUS ATTORNEY COSTS | |
| PLUS AUDIT COSTS | |
| PLUS NOTE INTEREST | |
| EQUALS TOTAL W & P | |

| | |
|---|---|
| WELFARE PAYMENT | |
| PENSION PAYMENT | |
| TOTAL | |
| # PAYMENTS | 48 |
| TOTAL W & P | |

**BEG BALANCE** 180,000.00

| PAYMENT NUMBER | PAYMENT DUE DATE | SCHEDULED PAYMENT | ACTUAL PAID | CHECK# | DATE RECD | SCHEDULED PAYMENT | ACTUAL PAID | CHECK# | DATE RECD | END BALANCE OWED | ENTER "Y" IF LATE | 10% LATE FEE (OWED/PAID) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 8/1/2008 | 1,250.00 | 1,250.00 | 1880 | 1/19/2007 | | | | | 30,000.00 | | (125.00) |
| 25 | 9/1/2008 | 1,250.00 | 1,250.00 | 1880 | 1/19/2007 | | | | | 28,750.00 | | (125.00) |
| 26 | 10/1/2008 | 1,250.00 | 1,250.00 | 1880 | 1/19/2007 | | | | | 27,500.00 | | (125.00) |
| 27 | 11/1/2008 | 1,250.00 | 1,250.00 | 1880 | 1/19/2007 | | | | | 26,250.00 | | (125.00) |
| 28 | 12/1/2008 | 1,250.00 | 1,250.00 | 1880 | 11/26/2007 | | | | | 25,000.00 | | 625.00 |
| 29 | 1/1/2007 | 1,250.00 | 1,250.00 | 2001 | 5/18/2007 | | | | | 23,750.00 | | (125.00) |
| 30 | 2/1/2007 | 1,250.00 | 1,250.00 | 2001 | 5/18/2007 | | | | | 22,500.00 | | (125.00) |
| 31 | 3/1/2007 | 1,250.00 | 1,250.00 | 2001 | 5/18/2007 | | | | | 21,250.00 | | (125.00) |
| 32 | 4/1/2007 | 1,250.00 | 1,250.00 | 2001 | 5/18/2007 | | | | | 20,000.00 | | (125.00) |
| 33 | 5/1/2007 | 1,250.00 | 1,250.00 | 2184 | 11/1/2007 | | | | | 18,750.00 | | (125.00) |
| 34 | 6/1/2007 | 1,250.00 | 1,250.00 | 2184 | 11/1/2007 | | | | | 17,500.00 | | (125.00) |
| 35 | 7/1/2007 | 1,250.00 | 1,250.00 | 2184 | 11/1/2007 | | | | | 16,250.00 | | (125.00) |
| 36 | 8/1/2007 | 1,250.00 | 1,250.00 | 2184 | 11/1/2007 | | | | | 15,000.00 | | (125.00) |
| 37 | 9/1/2007 | 1,250.00 | 1,250.00 | 2184 | 11/1/2007 | | | | | 13,750.00 | | (125.00) |
| 38 | 10/1/2007 | 1,250.00 | 1,250.00 | 2184 | 11/1/2007 | | | | | 12,500.00 | | 750.00 |
| 39 | 11/1/2007 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 40 | 12/1/2007 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 41 | 1/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 42 | 2/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 43 | 3/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 44 | 4/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 45 | 5/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 46 | 6/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 47 | 7/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| 48 | 8/1/2008 | 1,250.00 | | | | | | | | 12,500.00 | | |
| **TOTALS** | | 180,000.00 | 147,500.00 | | | | | | | | | 12,500.00 |

LATE FEE PAYMENT

EXHIBIT E

# PAYMENT PLAN WORKSHEET

11/29/2007

| Field | Value |
|---|---|
| COMPANY | DOMINIC JR., INC. |
| PHONE# | (630)806-2720 |
| NUMBER OF PAYMENTS | 45 |
| PAYMENT PLAN COVERS THE MONTHS OF | |
| CONTACT PERSON | DOM |
| FIELD REP | JF |
| REVISED AUDIT: 1/1/97 - 6/30/02 | |
| CODE | 21138 |

| Field | Value |
|---|---|
| TOTAL WELFARE & PENSION | |
| LESS 20% DOWN | |
| EQUALS AMOUNT FINANCED | |
| PLUS 20% DOWN | |
| PLUS AUDIT COSTS | |
| PLUS ATTORNEY COSTS | |
| PLUS NOTE INTEREST | |
| EQUALS TOTAL W & P | |

| Field | Value |
|---|---|
| WELFARE PAYMENT | |
| PENSION PAYMENT | |
| TOTAL | |
| # PAYMENTS | 45 |
| TOTAL W & P | |

BEG BALANCE 50,000.00

| Fund | Amount |
|---|---|
| DUES | 7,127.82 |
| LDCLMCC | 282.31 |
| MCIAF | 907.85 |
| TRAIN | 3,753.52 |
| LECET | 800.28 |
| CISCO | 23.54 |
| $ DOWN | 87,004.88 |

| PAYMENT NUMBER | PAYMENT DUE DATE | SCHEDULED PAYMENT | ACTUAL PAYMENT | CHECK# | DATE RECD | SCHEDULED PAYMENT | ACTUAL PAID | CHECK# | DATE RECD | END BALANCE OWED | ENTER "1" IF LATE | 10% LATE FEE (OWED/PAID) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XXXX | AT SIGNING | 7,127.82 | 7,127.82 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | | | |
| XXXX | AT SIGNING | 282.31 | 282.31 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | | | |
| XXXX | AT SIGNING | 907.85 | 907.85 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | | | |
| XXXX | AT SIGNING | 3,753.52 | 3,753.52 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | | | |
| XXXX | AT SIGNING | 800.28 | 800.28 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | | | |
| XXXX | AT SIGNING | 23.54 | 23.54 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | | | |
| XXXX | AT SIGNING | 87,004.88 | 87,004.88 | 947 | 3/28/2004 | XXXX | XXXX | XXXX | XXXX | (0.00) | | |
| 7 | 3/1/2005 | 1,250.00 | 1,250.00 | 1168 | 3/24/2005 | XXXX | XXXX | XXXX | XXXX | 51,250.00 | 1 | (125.00) |
| 8 | 2/1/2005 | 1,250.00 | 1,250.00 | 1168 | 3/24/2005 | XXXX | XXXX | XXXX | XXXX | 52,500.00 | 1 | (125.00) |
| 6 | 4/1/2005 | 1,250.00 | 1,250.00 | 1168 | 3/24/2005 | XXXX | XXXX | XXXX | XXXX | 53,760.00 | 1 | (125.00) |
| 5 | 5/1/2005 | 1,250.00 | 1,250.00 | 1168 | 3/24/2005 | XXXX | XXXX | XXXX | XXXX | 55,000.00 | 1 | (125.00) |
| 4 | 12/1/2004 | 1,250.00 | 1,250.00 | 1188 | 3/24/2005 | XXXX | XXXX | XXXX | XXXX | 56,250.00 | 1 | (125.00) |
| 3 | 11/1/2004 | 1,250.00 | 1,250.00 | 1188 | 3/24/2005 | XXXX | XXXX | XXXX | XXXX | 57,500.00 | 1 | (125.00) |
| 2 | 10/1/2004 | 1,250.00 | 1,250.00 | 1188 | 8/26/2004 | XXXX | XXXX | XXXX | XXXX | 58,760.00 | 1 | (125.00) |
| 1 | 9/1/2004 | 1,250.00 | 1,250.00 | 947 | 8/26/2004 | XXXX | XXXX | XXXX | XXXX | | | LATE FEE PAYMENT |
| | 8/1/2004 | 1,250.00 | 1,250.00 | 1281 | 8/26/2004 | XXXX | XXXX | XXXX | XXXX | 875.00 | 1 | 875.00 |
| 10 | 6/1/2005 | 1,250.00 | 1,250.00 | 1281 | 9/24/2005 | XXXX | XXXX | XXXX | XXXX | 47,500.00 | 1 | (125.00) |
| 9 | 5/1/2005 | 1,250.00 | 1,250.00 | 1281 | 9/24/2005 | XXXX | XXXX | XXXX | XXXX | 48,760.00 | 1 | (125.00) |
| | 4/1/2005 | 1,250.00 | 1,250.00 | 1281 | 9/24/2005 | XXXX | XXXX | XXXX | XXXX | 60,000.00 | 1 | LATE FEE PAYMENT |
| 13 | 8/1/2005 | 1,250.00 | 1,250.00 | 1384 | 10/24/2005 | XXXX | XXXX | XXXX | XXXX | 376.00 | 1 | 375.00 |
| 12 | 7/1/2005 | 1,250.00 | 1,250.00 | 1384 | 10/24/2005 | XXXX | XXXX | XXXX | XXXX | 43,760.00 | 1 | (125.00) |
| 11 | 7/1/2005 | 1,250.00 | 1,250.00 | 1384 | 10/24/2005 | XXXX | XXXX | XXXX | XXXX | 45,000.00 | 1 | (125.00) |
| | | 1,250.00 | 1,250.00 | 1384 | 10/24/2005 | XXXX | XXXX | XXXX | XXXX | 44,250.00 | 1 | LATE FEE PAYMENT |
| 14 | 10/1/2006 | 1,250.00 | 1,250.00 | 1486 | 2/2/2006 | XXXX | XXXX | XXXX | XXXX | 42,500.00 | 1 | (125.00) |
| 15 | 11/1/2006 | 1,250.00 | 1,250.00 | 1486 | 2/2/2006 | XXXX | XXXX | XXXX | XXXX | 41,250.00 | 1 | (125.00) |
| 16 | 12/1/2006 | 1,250.00 | 1,250.00 | 1486 | 2/2/2006 | XXXX | XXXX | XXXX | XXXX | 40,000.00 | 1 | (125.00) |
| 17 | 1/1/2006 | 1,250.00 | 1,250.00 | 1486 | 2/2/2006 | XXXX | XXXX | XXXX | XXXX | 38,760.00 | 1 | (125.00) |
| 18 | 2/1/2006 | 1,250.00 | 1,250.00 | 1486 | 2/2/2006 | XXXX | XXXX | XXXX | XXXX | 37,500.00 | 1 | (125.00) |
| | | 1,250.00 | 1,250.00 | | | XXXX | XXXX | XXXX | XXXX | 500.00 | 1 | LATE FEE PAYMENT |
| 19 | 3/1/2006 | 1,250.00 | 1,250.00 | 1673 | 8/3/2006 | XXXX | XXXX | XXXX | XXXX | 38,250.00 | 1 | (125.00) |
| 20 | 4/1/2006 | 1,250.00 | 1,250.00 | 1673 | 8/3/2006 | XXXX | XXXX | XXXX | XXXX | 36,000.00 | 1 | (125.00) |
| 21 | 5/1/2006 | 1,250.00 | 1,250.00 | 1673 | 8/3/2006 | XXXX | XXXX | XXXX | XXXX | 33,760.00 | 1 | (125.00) |
| 22 | 8/1/2006 | 1,250.00 | 1,250.00 | 1673 | 8/9/2006 | XXXX | XXXX | XXXX | XXXX | 32,500.00 | 1 | (125.00) |
| 23 | 7/1/2006 | 1,250.00 | 1,250.00 | 1673 | 8/9/2006 | XXXX | XXXX | XXXX | XXXX | 31,250.00 | 1 | (125.00) |
| | | | | | | | | | | 625.00 | | LATE FEE PAYMENT |